# Exhibit "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mario H. Gueva..a-Salgado,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| Hayes-Meninno, LLC,  ) | |
| d/b/a Rolly's Tavern on the Square,  ) | |
| Wendy Meninno Hayes, Individually,  ) | C.A. No. 1:15-cv-11294 |
| and Roland John Hayes, Individually  ) | |
| ) | |
| Defendants,  ) | |
| ) | |
| and  ) | |
| ) | |
| 338 Broadway, LLC,  ) | |
| ) | |
| Reach-And-Apply Defendant.  ) | |
| ) | |

## PLAINTIFF'S AFFIDAVIT

I, Mario H. Guevara-Salgado, being the Plaintiff in the above-captioned action, and having

personal knowledge of the facts herein stated, do under oath, depose, and state:

1.      I am seeking compensation for wages unpaid for both regular and overtime hours worked

at Rolly's Tavern, under the management and employment of Defendants Roland Hayes

and Wendy Hayes.

2.      I began working for Rolly's Tavern in or about 2010 or 2011, under the employment of

Defendants Roland Hayes and Wendy Hayes. At that time, I was working once a week

and paid $11 per hour.

3.      During the period relevant to this complaint, Roland Hayes and Wendy Hayes had the power to determine my wages, and so they did.  The Defendants also had the power to set my work schedule and did so periodically.

4.      My duties included, but were not limited to: cleaning, cooking at the restaurant and outside parties, purchasing food, paper, coffee, and soda for the restaurant, and checking that the restaurant's inventory was delivered in a timely manner.

5.      In or about mid-2012, I started working three days a week, for a total of approximately 25 hours a week.  My pay was increased to $13 per hour at around this time.

6.      In or about November of 2012, I began working at Rolly's Tavern on a full-time basis; five days a week for more than 45 hours a week.

7.      It is important to note that, although I requested repeatedly and was promised that it would be done, the Defendants failed to record my hours; however, they recorded hours worked by other employees.

8.      During this time and all other times relevant to my complaint, Defendnats did not pay me a greater hourly wage for weeks in which I worked more than 40 hours.

9.      My pay was once again raised, this time to $15 per hour.

10.      At or around Christmas of 2012, I began working longer hours; for a total of approximately 77 hours per week.

11.      I did not receive greater hourly  compensation for working more than 40 hours per week.

12.      In or about early-2013, Defendant Roland Hayes and I entered into an agreement under which I would receive a salary of $900 per week for a 50-hour workweek.

13.      Nevertheless, I continued working at Rolly's Tavern for approximately 77 hours per week.

14.  The Defendants regularly failed to pay my wages.

15.  Although I frequently asked Defendant Roland Hayes for my paycheck, I only received a small fraction of the paychecks I was owed.

16.  In or about 2013, after not receiving paid wages for 11 weeks, I confronted Defendant Roland Hayes about my past-due wages.

17.  In response, Defendant Roland Hayes asked me to wait to receive my wages earned, because he (Roland Hayes) was paying monthly installments on a tax debt.

18.  Approximately two months after the aforementioned occurrence, I confronted him again.

19.  In response, the Defendant Roland Hayes told me, "Nothing makes you happy."

20.  During that same conversation, Roland asked me to be kitchen manager, asked me to wait for my past-due wages, and promised me 50% ownership of the business and 50% of the profits in exchange therefore.

21.  At that time, Roland Hayes told me that he and Wendy Hayes were the sole owners of Rolly's Tavern.

22.  Also at about that time, Roland Hayes told me that Rolly's Tavern paid monthly rent of $5,000 and that he (Roland Hayes) and Wendy Hayes were the sole owners of the real property located at 338 Broadway, Lynn, Massachusetts on which Rolly's Tavern operates.

23.  I accepted Roland Hayes' aforementioned offer to become a 50% owner in Rolly's.

24.  Relying on this promise made by Defendant Roland Hayes, that I would become co-owner of Rolly's Tavern, I went many weeks — as much as six (6) months — without receiving any wages for my work.

25.    In or about March of 2014, my hours increased dramatically, to approximately 90 to 100 hours per week.

26.    These long hours continued until January 19, 2015, when I tendered my resignation.

27.    At Defendant Roland Hayes' request, I continued to work for an additional month—once again without compensation for the work rendered.

28.    My last day of work was approximately February 28, 2015.

29.    Despite Roland Hayes' representations, the Defendants never paid me any profits from Rolly's Tavern.

30.    Periodically, the Defendants paid me in small, sporadic amounts.

31.    Nevertheless, I continued to work, for the most part, without monetary compensation and with the expectation that Roland Hayes would keep his promises.

32.    In or about late January 2015, Defendant Roland Hayes' representations that I would receive profits from the Tavern still had not materialized, nearly two years after the agreement was made.

33.    Due to the lack of compensation, I demanded wages for the years of work I had performed at Rolly's Tavern, for which I had not been paid.

34.    Defendant Roland Hayes told me he would pay the wages each time I confronted him, but Roland Hayes began avoiding me and continued to withhold my compensation.

35.    On February 16, 2015, Defendant Roland Hayes e-mailed me a letter [a true copy of which is attached to my Complaint as Exhibit "A" to my Complaint] in which the former stated that Rolly's Tavern owed me a total of $77,214.

36.    That total stated above is only a fraction of the wages the Defendants owe me.

37. On or about March 19, Defendant Roland Hayes gave me a second letter [a true copy of which is attached to my Complaint as Exhibit "B"] proposing an alternate payment schedule for the $77,214 mentioned in the February 16 letter.

38. After ceasing to work for the Defendants, Defendants repeatedly attempted to coerce, intimidate, and harass me into abandoning any claims for wages.

39. An example of such an instance took place on or about April 28, 2015, when Defendant Wendy Hayes met with me in a Panera Bread restaurant.

40. During that meeting, Defendant Wendy Hayes verbally threatened me, screaming that if I did not accept Defendant Roland Hayes' proposal, she would lie under oath and say that I committed a crime so that I would be deported.

41. Defendant Wendy Hayes stated that, because she has cancer and is terminally ill, her testimony would be believed over mine.

42. In recent weeks, the threats have continued.

43. On several occasions, I have received phone calls from Rolly's Tavern employees telling me to accept the Defendants' payments, to move on, and stating that I could be deported or that "bad things could happen" if I did not comply.

Witness my hands and seals signed under the pains and penalties of perjury on this ___10___ day of June 2015.


*Mario H Guevara*
MARIO H. GUEVARA-SALGADO


COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                                  Arlington, MA

On this 10 day of **June 2015**, before me, the undersigned notary public, personally appeared **Mario H. Guevara-Salgado** who proved to me through satisfactory evidence of identification, which was a Massachusetts driver's license, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose.


Mernaysa Rivera-Bujosa, Esq. – Notary Public
My commission expires: September 21, 2018
**Qualified in the Commonwealth of Massachusetts**

MERNAYSA RIVERA-BUJOSA
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 21, 2018