UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
MARIO H. GUEVARA-SALGADO,      )
                               )
                Plaintiff,     )
                               )
v.                             )
                               )
HAYES-MENINNO, LLC, d/b/a      )
ROLLY'S TAVERN ON THE SQUARE,  )
WENDY MENINNO HAYES, and       )
ROLAND JOHN HAYES,             )       Civil Action
                               )       No. 15-12294-PBS
                Defendants,    )
                               )
and                            )
                               )
338 BROADWAY, LLC,             )
                               )
     Reach-and-Apply Defendant.)
                               )
_____)
```

**ORDER**

February 5, 2016

Saris, C.J.

After hearing, and a review of the defendants' objections to Magistrate Judge Dein's report and recommendation as well as both parties' supplemental submissions, this Court **DENIES** the plaintiff's motion for a preliminary injunction (Docket No. 10) to enjoin the sale of the restaurant, Rolly's Tavern on the Square, on the ground that the plaintiff has not demonstrated a

1

likelihood of success on the merits with respect to the amount of unpaid overtime compensation he is seeking.

The magistrate judge has already ordered a writ of attachment of the defendants' real estate up to $250,000 to secure any eventual recovery. However, the parties sharply disagree as to the amounts owed to the plaintiff above the amount already secured. In his complaint, the plaintiff attached a letter in which the defendants admitted owing the plaintiff $77,214 for services performed. Docket No. 1, Ex. 4. The parties agree that the defendants paid $32,500 of that amount before the plaintiff filed suit, but the plaintiff claims he was owed much more than $77,214 in unpaid overtime compensation.

The plaintiff initially claimed he worked ninety hours per week for two years and between fifty-five and seventy-seven hours per week for one and a half years, entitling him to $165,538 in unpaid overtime compensation before mandatory trebling. Docket No. 11 at 16. In support, he submitted text messages from the defendants asking him to help with work tasks outside of his assigned hours. In response to the Court's concerns that the estimates seemed inflated and unsupported, he adds that, even if he worked a mere ten hours per week of overtime for two years, with mandatory trebling, the defendants would be liable for $84,240.

The defendants state under oath that the plaintiff refused to punch the time clock like other employees, and hung around after his work hours, occasionally helping out, and treated the restaurant like a second home because of a troubled home life. They hotly dispute that the plaintiff regularly worked overtime except for his work at Gannon Country Club from Memorial Day to Labor Day 2013. The Court has an inadequate basis for resolving this credibility dispute as to how much overtime is owed. See Campbell Soup Co. v. Giles, 47 F.3d 467, 470 (1st Cir. 1995) (ruling that "when the parties' competing versions of the pertinent factual events are in sharp dispute, such that the propriety of injunctive relief hinges on determinations of credibility, the inappropriateness of proceeding on affidavits [alone] attains its maximum") (brackets in original). Even when the possible overtime at Gannon, conceded by the defendants, is added to the undisputed amount owed, the $250,000 security from the writs of attachment is sufficient.

Moreover, the defendants do not object to a court order "incorporating their offer to, upon any sale, provide an accounting of all payments of restaurant debts from proceeds, and place the net proceeds in escrow." Docket No. 51 at 2. Accordingly, any prejudice from a sale is alleviated. I so

order. Otherwise, I adopt the report and recommendation of the magistrate judge. (Docket No. 22).

    /s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge